OPINION OF THE COURT
Robert L. Estes, J.
Plaintiffs have commenced this action to recover judgment awarding them possession of a mobile home trailer, or in the alternative, for money damages for its value if they are not awarded possession, and to recover money judgment for the wrongful detention thereof.
One portion of the defendants’ motion to dismiss the plaintiffs’ complaint asserts the ground that the mobile home trailer in question has been transmuted into real property. This portion must fail because the plaintiffs’ first cause of action is pleaded in the alternative. The plaintiffs request that if judgment granting possession of the mobile home is not granted, that they should have a money judgment for the value thereof. Whether or not the mobile home was a fixture when plaintiffs’ claim was interposed is a question of fact which has to be resolved at a plenary trial in order to determine the plaintiffs’ right to relief. The second ground of the defendants’ motion to dismiss, that possession of the mobile home is in a third party, must also fail. While it is true that the complaint alleges delivery of possession to a third party in June of 1978, the complaint alleges an unlawful taking and retention of possession by defendants from the third party at a later date.
The plaintiffs need not have title in order to try the right to possession of the mobile home. They have alleged a superior right to possession, which is the essence of their *496 cause of action. (CPLR art 71.) Even if title were a prerequisite to their cause of action, they have claimed ownership in their complaint and bill of particulars.
The only portion of defendant’s motion which has any substance is that which alleges that the Statute of Limitations has expired. The limitation period for commencement of an action to recover a chattel or damages for the taking or detaining of a chattel is three years. (CPLR 214, subd 3.)
The plaintiffs’ original complaint, served with the summons on November 22, 1982, did not allege the date upon which possession of the mobile home was wrongfully taken by defendants. The defendants’ answer was served by mail December 13, 1982. The plaintiffs served an amended complaint by mail on January 6, 1983, 24 days after service by the defendants of their answer. The amended complaint alleges June 4, 1982 as the date upon which the defendants wrongfully took possession of the mobile home. By letter dated January 10,1983, the defendants’ attorney rejected the amended complaint proffered by the plaintiffs, claiming that it was not timely served. Such rejection was improper.
The pleadings of a party may be amended as of right within 20 days of the service of a responsive pleading. (CPLR 3025, subd [a].) The number of days by which a period of time prescribed by law is augmented when such period is measured from the service of a paper by mail was increased from 3 to 5, effective January 1, 1983. (CPLR 2103, subd [b], par 2, as amd by L 1982, ch 20, § 1.) In order to be timely, service of the plaintiffs’ amended complaint would have had to occur by January 5,1983 if the old law is applied and by January 7, 1983 if the new law is applied.
The court holds that the new law should apply. The five-day period was already in effect when the plaintiffs’ attorney mailed the amended complaint on January 6, 1983. Even if the court were not to so hold, the failure by one day to timely serve an amended pleading is not jurisdictional, and such a trivial delay might be extended pursuant to CPLR 2004.
The plaintiffs’ amended complaint and the “amended answer and counterclaims” of which a photocopy is appended to the defendants’ motion papers as exhibit B, are *497 the pleadings upon which this motion will be determined and the action will thereafter proceed, if at all.
It does not appear from the motion papers whether or not the amended answer was verified so that the court might consider the facts therein recited in determining this motion. Nor does it appear from the supporting affidavit of the defendants’ attorney that he has the required personal knowledge to repeat in his affidavit the assertion in his clients’ answer, that in June of 1978 possession of the mobile home was delivered to Sherrie Burrows, or that in August of 1979 the mobile home was removed to property owned by the defendants. It is unnecessary to have such allegations made by the defendants, because those allegations are contained in the complaint itself.
The defendants’ argument is that it was one of those two, earlier events which commenced the running of the three-year statute. Essentially, the claim is- that one of those two events gave rise to a right by the plaintiffs to assert a demand for return of the mobile home, so that application of CPLR 206 renders the action on November 22, 1982 untimely.
The essential question, then, is when plaintiffs’ right to make a demand for possession of the mobile home was complete. (CPLR 206.) Although the amended complaint indicates that the mobile home was moved to property of the defendants in August, 1979, it asserts that the possession of the defendants did not become wrongful and unlawful until the specific date of June 4, 1982. According to the amended complaint, then, plaintiffs’ right to make a demand was complete on June 4, 1982.
June 4, 1982 is the date of a letter authored by defendants’ attorney to the plaintiff, Thomas White. A copy of the letter is annexed to the plaintiffs’ motion papers as exhibit No. 11. The contents of that letter include admissions by the defendant, Frederick Secrest, of his knowledge that the mobile home in question was being purchased by Mr. White for occupation by White’s son-in-law, Sherrie Burrows’ husband, who was then employed by Secrest. In addition to various self-serving statements contained in that letter, defendant’s attorney asserts “you have now advised Mr. Secrest that you want to move the trailer. I *498 would like you to know that once the trailer was placed on the foundation, it became real estate owned by my client. You do not have the right to remove the trailer without prior written authorization from my client”.
This latter admission expresses an acknowledgement of the plaintiffs’ assertion of dominion over the mobile home, a formal repudiation by the defendants of the plaintiffs’ claim, and assertion by the defendants of ownership in their own right. It is apparently the posture taken by the defendants in that letter which is the basis for the plaintiffs’ claim of wrongful taking and detaining of the mobile home by the defendants.
For purposes of this motion, the court holds that the three-year period within which the plaintiffs might have commenced their action to recover possession of the mobile home began to run upon their receipt of the letter from defendants’ attorney on or about June 4,1982, and that the plaintiffs timely commenced their action in November of that year.
The motion to dismiss is denied in all respects, with costs.